FILED
CLERK
4:41 pm, Feb 12, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X

SHELBY FRANKLIN individually
and on behalf of all others similarly
situated,

               Plaintiff,

   -against-

GENERAL MILLS, INC. and
ANNIE'S HOMEGROWN,

              Defendant.
───────────────────────────────────────X

For Online Publication Only

**ORDER**
21-cv-01781 (JMA) (AYS)

**AZRACK, United States District Judge:**

On September 30, 2022, this Court entered a Docket Order (i) denying Defendant's Motion to Dismiss the Amended Complaint and (ii) directing the parties to address whether: (1) the FDA's administrative proceedings regarding the use of ortho-phthalates for food contact applications impacts Plaintiff's New York consumer protection claims and General Mills' dismissal arguments; and (2) whether this case should be stayed on primary jurisdiction (or other) grounds. Id. (citing Ortho-Phthalates for Food Contact Use, 87 Fed. Reg. 31,090 (May 20, 2022) ("FDA Docket Notice")). Defendant filed a letter addressing each question on November 16, 2022. (See ECF No. 44.) Plaintiff responded the same day, arguing—inter alia—that a primary jurisdiction stay would be inappropriate in this case. (See ECF No. 45.) The Court agrees with Plaintiff.

**I.   APPLICABLE LAW.**

"The federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" Palmer v. Amazon.com, Inc., 51 F.4th 491, 504 (2d Cir. 2022) (quoting Tassy v. Brunswick Hosp. Ctr., Inc., 296 F.3d 65, 73 (2d Cir. 2002)). The doctrine of primary jurisdiction is a "'relatively narrow' exception to this obligation." Id. (quoting Goya Foods, Inc. v. Tropicana

1

Prods., Inc., 846 F.2d 848, 851 (2d Cir. 1988)).  The primary jurisdiction doctrine is "concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties" by "allocat[ing] initial decisionmaking responsibility between courts and agencies."  Ellis v. Trib. Television Co., 443 F.3d 71, 81 (2d Cir. 2006) (cleaned up).

Although "[n]o fixed formula exists for applying the doctrine of primary jurisdiction," the Second Circuit has historically considered the four Ellis factors: "(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made." Id. at 82–83 (quotation marks and citation omitted).  In addition to considering the Ellis factors, this Court "must also 'balance the advantages of applying the doctrine against the potential costs resulting from complications and delay in the administrative proceedings.'"  Palmer, 51 F.4th at 511 (quoting Ellis, 443 F.3d at 83); see also Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co., 46 F.3d 220, 223 (2d Cir. 1995).

## II.   ANALYSIS.

Entry of a primary jurisdiction stay is a matter committed to this Court's discretion.  See Mrs. W. v. Tirozzi, 832 F.2d 748, 758–59 (2d Cir. 1987).  In this case, however, invoking the doctrine of primary jurisdiction would be improper.  Each Ellis factor weighs against application of the primary jurisdiction doctrine, and the costs resulting from applying the doctrine here outweigh any possible benefits that could be obtained from deferring to the FDA.

Applying the first Ellis factor, the issue in this case is not whether or to what extent phthalates should be permitted for food contact uses.  Rather, the issue is whether consumers were

2

misled when they purchased a product that contained phthalates. Because "[p]rimary jurisdiction does not extend to a legal question that is within the conventional competence of the courts," this factor weighs against application of the primary jurisdiction doctrine. See Nat'l Commc'ns Ass'n, Inc., 46 F.3d at 223 (internal quotation omitted).

Applying the second Ellis factor, although the FDA has the power to determine whether a product label is misleading, "[t]o determine whether a question falls particularly within an agency's discretion, a court looks not to whether administrative proceedings will make any contribution to resolving the question before it, but whether administrative proceedings are 'likely to make a meaningful contribution' to resolving the question." Palmer, 51 F.4th at 508 (quoting Ricci v. Chi. Mercantile Exch., 409 U.S. 289, 306 (1973)) (emphasis in original). Here, the FDA's seemingly prospective guidance would not "materially assist the court in resolving difficult factual questions to determine whether specified legal standards have been violated." Id. The issue here is whether reasonable consumers were deceived by the misrepresentations and omissions regarding phthalates, for which the FDA's expertise would not be needed or helpful to the Court. See In re Edgewell Personal Care Co. Litig., 2018 WL 7858623, at *5 (E.D.N.Y. Sept. 4, 2018) (stating that "[c]ourts are well-equipped to assess whether a label is misleading" and in doing so "need not apply the primary jurisdiction doctrine"). This factor weighs against application of the primary jurisdiction doctrine.

Applying the third Ellis factor, there is little risk that the FDA will make a ruling concerning phthalates that would affect the legal issues in this case. The focus of this prong is not whether the FDA will make any ruling concerning phthalates, but whether it will make a ruling "contemplating the same issue" as this case, which is whether Defendant's labels are misleading about the presence (or risk) of phthalates. Goldemberg v. Johnson & Johnson Consumer Cos., 8

3

F. Supp. 3d 467, 477 (S.D.N.Y. 2014). The FDA's May 20, 2022 Docket Notice makes no mention of the marketing or labeling of products containing phthalates. There is no indication that a determination on such an issue is forthcoming or even under consideration. Moreover, the parties agree that any future ruling by the FDA would seemingly pertain to future conduct and not apply retroactively to Defendant's past sales or products containing phthalates, which is the issue in the case here. (Compare ECF No. 44, at 5, with ECF No. 45, at 4.) Accordingly, this factor weighs against application of the primary jurisdiction doctrine.

Applying the fourth and final Ellis factor, the Court has found no recent agency action or application that contemplates the same issues present in this case—the deceptive marketing of products containing phthalates. "[W]here no prior application has been made[,] [this] factor may weigh against deferral." Goldemberg, 8 F. Supp. 3d at 477. This factor weighs against application of the primary jurisdiction doctrine.

Finally, as to "balanc[ing] the advantages of applying the doctrine against the potential costs resulting from complications and delay in the administrative proceedings," given that, as noted above, there is no clear indication as to what the FDA will do, if anything, and no indication the FDA intends to issue a ruling on product labeling as to phthalates, there is a clear "cost" to Plaintiff if her claims stayed to wait for the FDA to act. Palmer, 51 F.4th at 511 (citation omitted). After all, it may not. Coupled with the analysis of the other Ellis factors, which weigh against the application of the primary jurisdiction doctrine, this potential cost would be prejudicial to Plaintiff.

### III.   CONCLUSION.

In short, since this Court is well suited to resolve Plaintiff's consumer protection state law claims concerning misleading labels, invoking primary jurisdiction would be improper. Accordingly, the parties are directed to advise the Court—in a joint status letter no later

4

than **March 4, 2024**—about how they wish to proceed in this litigation.

Dated: February 12, 2024
Central Islip, New York

                                                      /s/  JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE